UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIAZAR ANGULO-CERVANTES,<br><br>Petitioner,<br><br>v.<br><br>NATALIE ASHER, et al.,<br><br>Respondents. | NO. C14-548-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner, through counsel, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration detention at the Northwest Detention Center in Tacoma. *See* Dkt. 1. He has since been released on supervised release. *See* Dkt. 7, Ex. A. In light of his release, respondents have moved to dismiss the instant action as moot. Dkt. 7. Petitioner agrees this action is moot. Dkt. 9 at 2 ("Mr. Angulo would concur with the government's position that the matter is now moot."). However, he asks the Court to enter judgment in his favor and grant him attorney's fees "for having to file the action to secure his release." *Id.* As discussed below, the Court recommends granting respondents' motion to dismiss, denying petitioner's habeas petition as moot, denying petitioner's request for attorney's fees without prejudice as premature, and dismissing this action without prejudice.

REPORT AND RECOMMENDATION - 1

DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Where the court can no longer grant effective relief, it lacks jurisdiction and must dismiss the case as moot. *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984). Because petitioner has already been given the relief he requested—release from detention—his claim must be denied as moot. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot portion of habeas petition challenging detention without bond upon grant of bond hearing). Therefore, the Court may not enter judgment in petitioner's favor as he requests. *See Cox*, 829 F.2d at 805 (ordering district court to vacate judgment on the merits and dismiss the proceedings as moot).

Petitioner's request for attorney's fees under the Equal Access to Justice Act[1] ("EAJA") also should be denied. The Court has not entered final judgment, and thus petitioner's request is premature. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . ."); *Sohappy v. Hodel*, 911 F.2d 1312, 1321 (9th Cir. 1990) ("Because there has been no final judgment in this action, this [EAJA fee] request is premature.").

CONCLUSION

For the foregoing reasons, the Court recommends GRANTING respondent's motion to dismiss, Dkt. 7; DENYING petitioner's habeas petition as moot, Dkt. 1; DENYING

---

[1] Although petitioner does not specify the statutory basis for his fee request, it appears that he is requesting EAJA fees because he cites to a Ninth Circuit case involving EAJA fees. *See* Dkt. 9 at 2 (citing *Li v. Keisler*, 505 F.3d 913 (9th Cir. 2007)).

REPORT AND RECOMMENDATION - 2

petitioner's request for attorney's fees without prejudice as premature, Dkt. 9; and DISMISSING this action without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 14, 2014**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 18, 2014**.

DATED this 30th day of June, 2014.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3